SAMUEL REINER vs. JOSEPH MAIER ET AL.

First Judicial District, Hartford, May Term, 1921.
WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

To warrant the reformation of a contract on the ground of mutual mistake, the mistake must have been common to both parties, and it must appear that by reason of it both have done what neither intended, and the evidence should be clear, substantial, and convincing as to both those facts.

In a suit to reform a deed given by the plaintiff to the defendants, on the ground that there was omitted therefrom by mutual mistake a reservation as to the use of a well and brook upon the premises conveyed, the court admitted evidence of a conversation between one of the defendants and a purchaser of premises supplied with water from this well and brook, concerning the continuance of such use by such purchaser. *Held* that the court did not err in admitting this evidence, since all acts and declarations of the defendants showing the use of the water of this well and brook were admissible evidence to show their claims and attitude.

Argued May 4th—decided August 4th, 1921.

SUIT for the reformation of a deed delivered by the plaintiff to the defendants, for other relief, and for damages, brought to and tried by the Superior Court in Hartford County, *Warner, J.;* facts found and judgment rendered reforming the deed as prayed for, from which the defendants appealed. *No error.*

*John J. Dwyer,* for the appellants (defendants).

*Albert C. Bill,* for the appellee (plaintiff).

PER CURIAM. The appeal must fail unless the findings and conclusions of the trial court shall be corrected. We have read and weighed the evidence and we think it fully supports the findings as made.

The case found is one of mutual mistake. The mis-

take upon which the plaintiff's case rests was the omission from a deed given by the plaintiff to the defendants of a reservation as to the use of a well and brook upon the premises conveyed.

Our rule was thus stated in *Snelling* v. *Merritt*, 85 Conn. 83, 100, 81 Atl. 1046: "To warrant the reformation of a contract on the ground of mutual mistake, the mistake must have been common to both parties, and it must appear that by reason of it both have done what neither intended, and the evidence should be clear, substantial, and convincing as to both those facts."

The defendants assert that the proof submitted was not of that clear and convincing kind which the court holds to be a necessary prerequisite before a deed or other instrument can be reformed.

We do not agree with this conception of the facts proven or of the evidence submitted. The circumstances relating to the mistake, which are disclosed in the finding and which we have said the evidence supports, fairly bring the case within the rule which we have quoted and which finds further amplification in other decisions. *Park Bros. & Co., Ltd.* v. *Blodgett & Clapp Co.*, 64 Conn. 28, 29 Atl. 133; *Bishop* v. *Clay Ins. Co.*, 49 Conn. 167, 171.

The only rulings on evidence complained of relate to the conversation between Kaufman, a purchaser of premises supplied with water from this well and brook, and one of the defendants, concerning the continuance of such use by Kaufman. All acts and declarations of this defendant concerning the use of the water of this well and brook were admissible evidence to show defendants' claims and their attitude.

There is no error.