JOHN T. L. HUBBARD ET AL. *vs.* EDWARD L. SCHLUMP.

Third Judicial District, Bridgeport, April Term, 1927.

WHEELER, C. J., MALTBIE, HINMAN, BANKS and WOLFE, Js.

The trial court found, first, that certain representations were made
by the plaintiff to induce the defendant to execute an agree-
ment for the sale of his shares of stock in a corporation, and
second, that they were true, believed by them to be true, and
made in good faith. *Held* that this finding was amply sup-
ported by the evidence, and that the defendant's attempt to
correct it by adding to the first part other representations which
he claimed were made by the plaintiffs, and by striking out the
second part, was without merit.

Similarly, there was no foundation for the defendant's claim that
the agreement itself, and the purpose for which it was procured,
were so unfair that the plaintiffs were precluded from invoking
the aid of a court of equity to secure its specific performance.

One who, at the time of entering into an agreement, makes an honest
representation of his intention to do a certain thing, is not
bound thereafter to inform the other that he has abandoned his
plan, nor is the other thereby relieved of his obligation to carry
out the terms of his bargain.

A statement made by the defendant to the plaintiffs and their coun-
sel after the execution of the agreement, to the effect that no
misrepresentations had been made to him, was admissible
against him in the present action.

Argued April 21st—decided June 6th, 1927.

ACTION for specific performance of a contract for the
sale of corporate stock, in which the defendant filed
a cross-complaint to have the contract cancelled on the
ground of fraud, brought to the Superior Court in
Fairfield County and tried to the court, *Baldwin, J.*;
judgment for the plaintiffs upon the complaint and
cross-complaint, and appeal by the defendant. *No
error.*

*Clifford B. Wilson,* for the appellant (defendant).

*David S. Day,* for the appellees (plaintiffs).

MALTBIE, J.   The plaintiffs are seeking specific performance of an agreement by the defendant to sell to them certain shares of stock owned by him in the Central Bus Corporation, which operates a line of busses in the city of Bridgeport.   In his answer the defendant admits or denies the several allegations of the complaint and then pleads a cross-complaint in which he seeks to have the agreement adjudged void and canceled.   In this cross-complaint he alleges that the plaintiffs were already stockholders in the corporation and that they conspired to cheat, defraud and deprive enough of the other stockholders of their stock so as to give them control of it, by false and deceitful practices and representations; and he then goes on to set up certain fraudulent representations made to him as a result of which he agreed to make the sale.

The finding states, first, certain representations made to the defendant by the plaintiffs at the time the agreement was entered upon and, second, states that these representations were true, that the plaintiffs believed them to be true, and that they made them in good faith.   The defendant seeks to have the first of these findings corrected by the addition of certain other representations which he claims to have been made to him by the plaintiffs and to have the second stricken out.   An examination of the evidence discloses no adequate ground for either of these corrections.   It results that upon the record the allegations of the cross-complaint charging the plaintiffs with fraudulent representations are not sustained.   The defendant seeks to have an additional finding made to the effect that the plaintiffs made fraudulent representations to other stockholders in the effort to secure their stock but the evidence upon this issue was not such that we can make the addition requested.   It follows that the record fails also to support the general allegation that

the plaintiffs conspired to secure control of the corporation by false and deceitful practices.

The defendant, however, claims that the plaintiffs are debarred from the equitable remedy they seek, because they do not come into court with clean hands. The plan of the plaintiffs and their associates to acquire stock in the corporation represented no more than the quite ordinary attempt of a certain faction to secure control of a corporation by the purchase of a majority of the outstanding shares, and was in itself not improper. The defendant charges that the price agreed to be paid for the stock was so low as to mark the transaction as inequitable and that the transaction was also tainted with inequity by reason of a purpose on the part of the plaintiffs, if they secured control of the corporation, to dispense with the services of the stockholders, who were also the actual operators of its busses, and compensated as such; but neither of these charges is supported by the finding as made, nor by any requested corrections of it, nor would we, if we were asked to make the necessary additions, be able to find ground for so doing in the testimony. One of the representations made by the plaintiffs was that they intended, if unsuccessful in their effort to secure control of the corporation, to establish a line of busses which would compete with those operated by it; after the agreement for the purchase of the defendant's stock was made, they abandoned this intention; and the remaining claim of the defendant is that they should have informed him of this change of plan, and that having failed to do so they are not now in a position to seek the aid of equity. Whatever might have been the situation, had such a change of plan occurred while the negotiations leading up to the agreement of sale were in progress, that agreement, having been fairly made, fixed the rights of the parties, and any

change in plan on the part of the plaintiffs made thereafter could not relieve the defendant of his obligation to carry out the terms of his bargain. Having honestly represented their intention at and before the making of the agreement, a subsequent abandonment of that intention gave rise to no duty on their part to inform him of it. Bower on Actionable Non-Disclosure, §§ 181, 189.

The trial court has omitted from the finding certain paragraphs of defendant's draft-finding which he was entitled to have stated, but in view of the conclusions we have expressed they are immaterial, and the correction of the finding by inserting them could serve no useful purpose. The testimony that, after the making of the agreement and after the defendant had once refused to carry it out on the ground that misrepresentations had been made to him, he stated to the plaintiffs and their counsel that no fraudulent representations had been made to him, was clearly admissible as bearing on the truth of his present claim that they had in fact made to him such representations. The other evidence to the admission of which exception is taken is at most subject only to the objection that it was immaterial and irrelevant and the rulings of the court afford no ground for a new trial.

There is no error.

In this opinion the other judges concurred.