GEORGE HOFFBERG, ADMINISTRATOR (ESTATE OF MORRIS N. HOFFBERG) v. ABRAHAM EPSTEIN.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued February 4—decided March 2, 1944.

*Philip R. Shiff*, for the appellant (defendant).

*Warren Maxwell*, with whom was *William A. Reiner*, for the appellee (plaintiff).

JENNINGS, J. The plaintiff's intestate, hereinafter referred to as Hoffberg, was almost instantly killed when struck by an automobile operated by the de-

fendant. The defendant has appealed from the refusal of the trial court to set aside a verdict for the plaintiff and from the judgment, assigning errors in the charge.

The jury could have found the following facts: Barbour Street, running north and south in Hartford, is forty-four feet wide. It is intersected at right angles by Westland Street, thirty-six feet wide. Traffic lights are located on the southwest and northeast corners of the intersection. The sequence of colors on each is green, green and yellow, red.

Hoffberg was sixty-five years old on the night of his death. He was walking south on the west sidewalk of Barbour Street in heavy rain, holding an open umbrella over his head. When he reached the north curb of Westland Street, the light was green for him and he started to cross to the south side. At about the same time, the defendant, driving slowly north on Barbour Street, crossed the south boundary of the intersection. He also had the light in his favor. He drove to the right of the center of the intersection and turned left into Westland Street. His right front bumper struck Hoffberg when the latter was within the unmarked crosswalk and about six or seven feet south of the north curb of Westland Street. The defendant did not see Hoffberg until the moment of impact but stopped his car almost immediately. Traffic was fairly heavy.

General Statutes, § 395, reads, in part: "A pedestrian started or starting across any such crosswalk on a green or 'Go' signal shall have the right of way over all vehicles, including those making turns, until such pedestrian shall have reached the opposite curb or safety zone." In answer to an interrogatory, the jury stated that the light was green for Hoffberg when he started across Westland Street. The defendant claims,

in support of his appeal from the denial of his motion to set aside the verdict, that this conclusion is unsupported by the evidence, but careful examination discloses a reasonable basis for it. The additional claim of the defendant that Hoffberg was guilty of contributory negligence as a matter of law is without merit. Aside from the rights accorded under the statute and the jury's conclusion mentioned above, the darkness, storm and complications of traffic were such that the jury might have found that the defendant had failed to sustain his burden of proving that Hoffberg was not in the exercise of due care. The question was for the jury. *Nevulis* v. *Wentland,* 124 Conn. 116, 119, 197 Atl. 883, and see *Woodhull* v. *Connecticut Co.,* 100 Conn. 361, 365, 124 Atl. 42. There was no error in refusing to set aside the verdict.

There was little dispute in the evidence except in relation to the color of the light when Hoffberg started to cross the street. The claims of proof of the parties are sufficiently described in the statement of facts and need not be repeated. The defendant filed written requests to charge. It is not necessary to consider those based on a green and yellow light, for the jury has found that the light was green and the requests are immaterial. *Bullard* v. *de Cordova,* 119 Conn. 262, 267, 175 Atl. 673. The other requests concerned contributory negligence and control of the defendant's automobile. In so far as they were proper, they were sufficiently covered in the charge. It is not necessary to charge in the exact terms of the request. *Lange* v. *Hoyt,* 114 Conn. 590, 595, 159 Atl. 575.

One of the assignments of error directed to the charge as delivered related to the green and yellow light. It is unnecessary to consider this assignment for the reasons stated above. Two assignments quote portions of paragraphs of the charge construing the

right of way statute quoted. If the paragraphs are read in their entirety they are, if anything, too favorable to the defendant. The charge defining control, read as a whole, was a sufficient guide to the jury in this case. The charge was exceptionally well-constructed, complete and clear.

There is no error.

In this opinion the other judges concurred.