ANNA SVENBERG, ADMINISTRATRIX (ESTATE OF ANDREW SVENBERG) *v.* WALTER W. SUBOTKOUSKI

MALTBIE, C. J., JENNINGS, ELLS and INGLIS, Js.[1]

Argued November 12—decided December 19, 1946

[1] By agreement of counsel the case was argued before and decided by four judges.

*William J. Willetts,* with whom, on the brief, was *George C. Morgan,* for the appellant (plaintiff).

*DeLancey Pelgrift,* for the appellee (defendant).

ELLS, J.   Andrew Svenberg was walking across a public highway in New London when he was struck and killed by an automobile owned and driven by the defendant.  The administratrix of his estate brought this action to recover damages, the jury returned a verdict for the defendant, and the plaintiff has appealed from the denial of a motion to set it aside and from the judgment.

The conduct complained of as negligent was the alleged operation of the car at a rate of speed which was high and dangerous, in view of prevailing weather conditions and a curve in the highway, and that the defendant did not have his car under control. The defendant denied that he was negligent and alleged contributory negligence on the part of the plaintiff.  The jury could reasonably have found the following facts :  Mohegan Avenue, a four-lane highway, is the main artery of travel between New London and Norwich and runs in a general north and south direction.  The two lanes for northbound traffic are separated from the southbound lanes by a grass plot thirteen feet wide.  On December 13, 1943, the plaintiff's decedent left his house on the east side of the street, crossed the northbound lanes and the grass plot and was proceeding across the southbound lanes at a place where there was no designated crossing for pedestrians when he was struck by the de-

fendant's automobile. The defendant had no particular reason to anticipate that a pedestrian would be crossing at the place of the accident. The highway, as it ran in a southerly direction, curved to the west as it approached that point.

The defendant was driving south on the most westerly lane at a speed of fifteen to twenty miles an hour. It was dark and a swirling snowstorm was raging. The headlights were on and the double windshield wipers were working perfectly. He was watching the road in front of him through the space kept clear by the wipers. The remainder of the windshield and the side windows were covered with snow or fog, and he did not see the pedestrian until the car struck him. It stopped almost instantly. No witness saw the decedent after he left his house until the moment of the collision.

The plaintiff claims that there are occasions when the weather is so bad that under the circumstances it is negligent to continue to operate an automobile, as, for instance, when the driver's vision is completely cut off. We so stated in *Kapilonuz* v. *Sundman*, 123 Conn. 214, 218, 193 A. 749; and see *DeAntonio* v. *New Haven Dairy Co.*, 105 Conn. 663, 670, 136 A. 567. The facts which the jury could reasonably have found in the present case do not present such a situation. The driver was watching the road in front of him through a space which was kept clean by the windshield wiper. The pedestrian was not walking along the road in front of the car but was proceeding across it at a point where there was no designated crossing and at a place where the presence of pedestrians crossing the road was not likely or to be expected. The defendant's vision was limited to the space described above, and it was incumbent upon

him to exercise care commensurate with the danger of injury to others which might result therefrom. It was for the jury to determine whether he exercised that degree of care. We cannot hold in this case that a speed of from fifteen to twenty miles an hour constituted negligence as a matter of law. *Kapilonuz* v. *Sundman,* supra; *Priday* v. *Bacon,* 125 Conn. 354, 357, 5 A.2d 709; *Rozycki* v. *Yantic Grain & Products Co.,* 99 Conn. 711, 716, 122 A. 717.

The claim that the defendant did not have his car under control appears to have been abandoned except as it may be involved in the question of speed. There is evidence that he stopped his car almost instantly. The jury could reasonably have found, upon all the evidence, that he had the automobile under proper control. The plaintiff contends that there was no evidence to prove contributory negligence, and that the presumption of due care on the part of the decedent established by General Statutes, Cum. Sup. 1939, § 1399e, must prevail. It is not necessary to consider the claim, for the jury could reasonably have found that the defendant was not negligent. There was no error in the refusal of the trial court to set the verdict aside.

The plaintiff has assigned error in the court's instructions to the jury. The record is barren of any oral objection to the charge after its termination, in compliance with the requirement of § 156 of the Practice Book. We have almost invariably refused to make an exception in the application of the rule, from the date of its adoption, but did so in the case of *Mickel* v. *New England Coal & Coke Co.,* 132 Conn. 671, 674, 47 A.2d 187, for the exceptional reasons there stated. The circumstances of the present case do not justify a departure from the rule unless

there is substance to the claim that we must consider the alleged errors because in his oral argument before us the defendant's counsel stated that he did not wish to take advantage of the rule. A principal purpose of § 156 is to require counsel to call the trial judge's attention to errors in the charge so that he may have an opportunity to correct them and thus avoid the necessity of a new trial. If counsel disregard the rule, its purpose will to a considerable extent be defeated, because, even though no objection is made to a charge at its conclusion, appeals based on claimed errors in it would very likely continue to be taken in the hope that opposing counsel would ultimately consent to have the questions decided; and the state itself has an interest in preventing further trials which might be avoided if trial courts are afforded an opportunity to correct any misstatements which have been made. The fact that counsel are willing to ignore or waive the rule would not ordinarily justify us in disregarding it.

There is no error.

In this opinion the other judges concurred.