ALFRED M. REID ET AL. *v.* THE CITY OF NEW HAVEN

MALTBIE, C J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued February 6—decided March 5, 1947

*William L. Beers,* with whom was *George G. Di Cenzo,* for the appellant (defendant).

*David J. McCoy,* for the appellees (plaintiffs).

ELLS, J. In this appeal by the defendant from a verdict and judgment for the plaintiffs, it has assigned six errors. One assignment has been withdrawn. Another, that the trial court refused to give certain requests to charge, is not pressed. One of the requests contained an erroneous statement of the law; the others were adequately included in the charge as delivered. Two errors were assigned in the charge, but as no objections were made to it at its conclusion they present nothing for our consideration. Practice Book § 156; *Svenberg* v. *Subotkouski,* 133 Conn. 329, 332, 50 A.2d 441. Error was also assigned in the refusal of the trial court to submit an interrogatory to the jury. As far as concerns the appeal before us, the only purpose which the submission of the interrogatory would have served would have been to lay a basis for claims of error at the trial which the defendant might otherwise have been prevented from presenting by the implications of the general verdict; *Belchak* v. *New York, N. H. & H. R. Co.,* 119 Conn. 630, 632, 179 A. 95. The requests to charge would have afforded no sounder ground for error had the interrogatory

been submitted than they do in its absence. In fact, the defendant does not contend in its brief that it was prevented by the ruling of the trial court from presenting to us any claims of error at the trial which it has not in fact assigned. The only substantial claim that the city had was that the statutory notice was defective if the accident was due to ice and snow, but it made no request and took no exception to the charge as to the notice. Had it pursued its appeal from the refusal to set the verdict aside, and its interrogatory had been answered in the affirmative, it could have had the advantage of any defect in the notice. *Nicholaus* v. *Bridgeport,* 117 Conn. 398, 402, 167 A. 826. On this record we cannot find that the ruling of the trial court, if erroneous, harmed the defendant.

The action was brought by the named plaintiff. Soon after the writ and complaint were returned, his employers filed an application to intervene as coplaintiffs and to file an intervening complaint on the ground that they had paid and become obligated to pay large sums of money to their employee under the provisions of the Workmen's Compensation Act. General Statutes § 5231. The court granted the motion, the employers became coplaintiffs, and an intervening complaint was filed. In the course of impaneling the jury the court allowed four challenges to the named plaintiff and four to the coplaintiffs, and the defendant has assigned error in the ruling. The statute, as it is applicable to this case, provides that "each party may challenge peremptorily four jurors." General Statutes § 5577. The question is whether the coplaintiffs are a party within the purview of the statute. The judgment designated the employers as coplaintiffs and appor-

tioned the damages in a manner which is not in dispute. It is manifest that the employers had a very substantial interest in the case, for they recovered $4575.25 as damages, which included an allowance of $700 as a reasonable attorney's fee. They filed a complaint to which the defendant made answer. They could have brought a separate action against the defendant under the conditions specified in § 5231 to recover the compensation they had paid or become obligated to pay. The statute also permits employer and employee to join as parties plaintiff in an action for damages against a defendant. In *Mickel* v. *New England Coal & Coke Co.,* 132 Conn. 671, 680, 47 A.2d 187, we stated that an employer joining in an action by the employee has the "right to take part in the trial in so far as the issues involve the question of the legal liability of the third party to the plaintiff employee and the amount of damages which the employee is entitled to recover for his injuries." These employers were a party within the provisions of § 5577 and entitled to four challenges. *Mourison* v. *Hansen,* 128 Conn. 62, 67, 20 A.2d 84. The trial court's ruling was not erroneous.

There is no error.

In this opinion the other judges concurred.