LENA BALLA v. WILLIAM F. LONERGAN, JR., ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued January 3—decided February 10, 1956

*Morris Robinson,* for the appellant (plaintiff).

*Richard F. Oburchay,* with whom, on the brief, was *George N. Foster,* for the appellees (defendants).

Wynne, J. The plaintiff brought this negligence action against the defendants to recover damages for injuries sustained by her in a fall on the defendants' premises during the course of her employment by them. The jury returned a verdict for the defendants. From the judgment rendered thereon the plaintiff has appealed.

It appears from the finding that the plaintiff offered evidence to prove the following: On and prior to February 19, 1952, the defendants owned and occupied a house in Branford. A few days prior to the date mentioned, the plaintiff was employed by the defendants to take care of their three small children in the absence of the defendants on a vacation. The plaintiff was assigned to a bedroom which had a smooth hardwood floor. On the floor, between the bed and the wall, was a small wool throw rug. The rug did not have a nonskid bottom or any material on or under it to keep it from slipping, nor was it fastened or held to the floor in any way. Early in the morning of February 19, the plaintiff was awakened by the crying of one of the children. As she stepped out of bed onto the rug, it slipped from under her and she fell and was injured. The rug constituted a condition involving some danger when one stepped on it from the bed. The plaintiff was not warned by the defendants of this condition.

The assignment of errors has to do only with the charge. We will first discuss the claim that the court should not have included in the charge any reference to assumption of risk because this element was not pleaded. It is clear, however, that a master and servant relationship existed between the parties. Each offered evidence as to this and it was an admitted relationship. It was incumbent on the court to make reference to such a relationship and the law governing it. Section 7367 of the General Statutes expressly provides that a master is under legal obligation "to exercise reasonable care to provide for his servant a reasonably safe place in which to work."

In the course of its charge, the court said: "The servant, under the law relating to master and servant, assumes the ordinary risks and hazards incident to his employment and, also, those risks and hazards of which he has knowledge, either actual or implied, arising after his employment if, with the comprehension of the risks and hazards and without any promise that the unsafe condition shall be remedied, he voluntarily continues his employment. However, the servant does not assume any extraordinary risks or hazards connected with the employment but only those which are of an ordinary nature." In *Arnold* v. *Connecticut Co.*, 83 Conn. 97, 100, 75 A. 78, we said: "The servant assumes the ordinary hazards incident to his employment, and also those hazards of which he has knowledge, either actual or constructive . . . ." The trial court used the very language that has been approved. That a servant assumes the ordinary risks of his employment is a rule of law. It is not a matter of fact, as is the assumption by one person of the risk of another's negligence. Consequently, it need not be pleaded

to become an issue in a case such as the one at bar. The doctrine of assumption of risk by an employee was inescapably a part of the law applicable to this case. It meant no more than that the risk assumed was one that inhered in the contract of service. *Belevicze* v. *Platt Bros. & Co.,* 84 Conn. 632, 638, 81 A. 339. The court would have been derelict in its duty if it had failed to charge the jury on the subject. While it is true that risks arising out of a master's negligence are not risks which are ordinarily incident to his servant's employment, it is difficult to see how the court could do otherwise than state the law regarding master and servant as an integral part of the charge as a whole.

In the quoted paragraph of the charge, the court said that "the servant does not assume any extraordinary risks or hazards." Complaint is made that no definition of "extraordinary risks or hazards" was given for the jury's guidance. It was sufficient for the court to distinguish in words between ordinary risks and those which are extraordinary.

The plaintiff assigns error in the court's refusal of a requested charge to the effect that it was the duty of the defendants to exercise reasonable care to have the premises reasonably safe for the use of the plaintiff, and therefore if the defendants should reasonably have foreseen that the rug would slip out from under the plaintiff, the verdict should be for the plaintiff. It was not necessary for the court to adopt the exact language suggested. *Hoffberg* v. *Epstein,* 130 Conn. 613, 615, 36 A.2d 388; *Jacobs* v. *Swift & Co.,* 141 Conn. 276, 280, 105 A.2d 658. The court performs its duty when its instructions are calculated "to give the jury a clear comprehension of the issues presented for their determination under the pleadings and upon the evidence,

and suited to their guidance in the determination of those issues." *Radwick* v. *Goldstein*, 90 Conn. 701, 706, 98 A. 583.

The plaintiff argues that in a part of the charge dealing with the law of master and servant the court expressly took from the jury consideration of certain claims of negligence. The court did, however, refer in the charge to "the several grounds [of negligence] set forth in the complaint."

The plaintiff excepts to the charge on contributory negligence on the ground that it was not sufficient for the guidance of the jury. The court said: "I shall not stop to comment upon the conduct of the plaintiff which [the defendants have] claimed constitutes contributory negligence on her part. It was her duty to act as a reasonably prudent person would have acted under the same circumstances and conditions; and if she failed to act as a reasonably prudent person would, then she was guilty of contributory negligence. You should consider all the evidence as to her conduct, and then ask yourselves the question, 'Did she conduct herself as a reasonably prudent person would have done under the same circumstances?' So that you have, on the issues of liability here, three main inquiries. First: 'Were these defendants negligent?' Second: 'Was their negligence a proximate cause of the plaintiff's injuries?' Third: 'Was the plaintiff guilty of contributory negligence?'" This was a sufficient and proper instruction.

The jury could not have been misled by the charge as a whole. It was clearly adapted to the issues presented.

There is no error.

In this opinion the other judges concurred.