ROBERT B. WEBB ET AL. *v.* CZYR CONSTRUCTION COMPANY, INC.

HOUSE, C. J., COTTER, LOISELLE, BOGDANSKI and BARBER, Js.

Argued October 7—decision released December 14, 1976

*James R. Fogarty,* with whom was *James J. Huron,* for the appellant (defendant).

*Joseph M. Brophy,* for the appellees (plaintiffs).

COTTER, J.  The plaintiffs brought this action in two counts, breach of contract and negligence, seeking $12,500 damages arising out of their purchase of a new home which they alleged was serviced by a defective septic system. The defendant interposed a counterclaim for the reasonable value of a curtain drain thereafter installed on the premises.  The jury returned a general verdict of $6000 in favor of the plaintiffs and the defendant appealed from the judgment rendered thereon.

In this court the defendant raises for the first time the question of the jurisdiction of the Court

of Common Pleas to entertain this action on the ground that §§ 52-6 and 52-28 of the General Statutes, which give that court concurrent jurisdiction with the Superior Court of civil actions wherein the matter in demand exceeds $7500 but does not exceed $15,000, result in a material detraction from the essential characteristics of the Superior Court in derogation of article fifth, § 1, of our constitution. See *Walkinshaw* v. *O'Brien,* 130 Conn. 122, 140, 32 A.2d 547. The defendant, on the record before us, has failed to sustain its heavy burden of showing beyond a reasonable doubt the constitutional invalidity of the statutory jurisdiction exercised by the trial court. *Wilson* v. *Connecticut Product Development Corporation,* 167 Conn. 111, 114, 355 A.2d 72; *Adams* v. *Rubinow,* 157 Conn. 150, 152–53, 251 A.2d 49; *Hardware Mutual Casualty Co.* v. *Premo,* 153 Conn. 465, 470, 217 A.2d 698.

The defendant further claims error in admitting into evidence, as an exhibit, a pamphlet purportedly containing certain sections of the Connecticut state department of health public health code regulations (hereinafter the code) to which the defendant objected and took exception on the grounds, inter alia, that the pamphlet was not a certified copy and that the pamphlet was immaterial. Since the circumstances attending the court's ruling admitting this pamphlet are important we set them out initially.

. The plaintiffs introduced this pamphlet into evidence as a foundation for the testimony of George Frigon, sanitarian for the town of Ridgefield at the time of trial in 1974, who was prepared to testify that his examination of the plaintiffs' septic

system revealed three violations of the code. During the plaintiffs' preliminary questioning and cross-examination Frigon stated that in 1968, the pertinent code year, he was a college student, that prior to 1971 he had been a state employee for one year, and that he had become Ridgefield's sanitarian in 1971. The pamphlet the plaintiffs introduced as an exhibit had the notation "In effect 1969" typed on the face sheet. Testimony in the case indicated that the plaintiffs' septic system had been constructed prior to December 17, 1968.[1]

The court overruled the defendant's objection that the pamphlet was not certified[2] with the remark: "Well, that goes to the weight." General Statutes § 52-166 provides: "Any order or regulation made by any state official in the performance of his duties may be proved in any court by a copy of such order or regulation certified by the person having the legal custody of the same." For the pamphlet to be admissible without compliance with the statutory certification procedure, the plaintiffs were required to authenticate it properly. "The admission of an unauthenticated unofficial purported copy of . . . [a state regulation] is patent error." *Masti-Kure Products Co.* v. *Appel,* 161 Conn. 108, 116, 285 A.2d 346. Additionally, without

[1] Under questioning by the court Frigon stated: "That particular copy is one of a few very rare copies of that code. And that was obtained from the state in relationship to another case. And it was accompanied by a letter from Doctor Foote, and that was '69 it was in effect. The state typed that 'In effect 1969.' Nobody else did." He went on to state that: "I know that that is the code that was in effect at that time, yes, sir," without any other supporting qualifications.

[2] The defendant objected as follows: "[T]here's no certification of . . . [the pamphlet] which is required by the statutes as I read them, so I have no way of verifying that what Mr. Frigon says is, in fact, true."

a "proper attempt to obtain the best evidence of the . . . [regulation], which in this case would have been either the original . . . [regulation] or a duly certified copy of it, there was no right to introduce secondary evidence of any sort in proof of it." *Brown* v. *Connecticut Light & Power Co.*, 145 Conn. 290, 296, 141 A.2d 634; see McCormick, Evidence (2d Ed.) § 241. Under the circumstances of this case we cannot say that Frigon's testimony satisfied the criteria of the *Masti-Kure* or the *Brown* cases, or the statutes, for admission of this pamphlet. The court therefore erred in overruling the defendant's objection.

The notation "In effect 1969" appearing on the exhibit was apparently typed to comply with General Statutes § 19-13, which provides in pertinent part: "The public health council shall establish a public health code and, from time to time, amend the same. . . . Each regulation adopted by said council shall state the date on which it shall take effect, and a copy thereof, signed by the commissioner of health, shall be filed in the office of the secretary of the state and a copy sent by said commissioner to each director of health, and such regulation shall be published in such manner as said council may determine." Since the relevance of the pamphlet rested on its containing the 1968 code provisions, with which the plaintiffs claimed the defendant was required to comply in constructing the plaintiffs' septic system, its admission was erroneous under the circumstances.

The proper admissibility of this pamphlet was of crucial significance to a recovery in this action since one of the plaintiffs' theories upon which they relied was that the defendant had failed to comply with

the requirements of the code in constructing the septic system. After the court admitted the pamphlet into evidence, Frigon testified from it that his examination of the plaintiffs' septic system revealed three violations of the code, and thereafter, in the course of its instructions to the jury, the court charged that such violations would be negligence per se.[3] Under these circumstances the court's error in admitting the pamphlet into evidence was harmful. *Lubenow* v. *Cook,* 137 Conn. 611, 615–16, 79 A.2d 826.

At the conclusion of the evidence and prior to the summations by counsel, the defendant filed a motion for submission of interrogatories and a motion for separate verdicts. The former motion was denied summarily; the latter motion was also denied, but after some consideration. Exceptions were taken by the defendant with respect to both rulings. It was the duty of the court to grant the defendant's request for separate verdicts and for proper interrogatories where the complaint contained two counts since the defendant had the right to save itself from the implication of a general verdict by seeking from the jury separate verdicts and answers to proper interrogatories; its failure to do so was erroneous. *Sheeler* v. *Waterbury,* 138 Conn. 111, 114, 82 A.2d 359; *Decker* v. *Roberts,* 125 Conn. 150,

---

[3] The court charged the jury in part: "Now, in addition to the common law negligence which has been alleged, there's also been reference made to certain statutes of the State of Connecticut, and also to regulations of the State Board of Health. Now, insofar as this is concerned, under our law we refer to this as statutory negligence. And statutory negligence consists of a violation of a statute which sets up or prescribes a rule of conduct to be followed by a person in a given situation. The violation of such an applicable statute by one in a situation governed by it, of course, is negligence per se. That is, it must be found to be negligence as a matter of law."

157, 158, 3 A.2d 855; Maltbie, Conn. App. Proc. § 55. Since the court erred in admitting the plaintiffs' pamphlet into evidence as an exhibit, its denial of the defendant's motion for separate verdicts prejudiced the defendant in that that denial would, under our normal practice, have prevented the defendant from presenting its claim of error in the court's evidentiary ruling. *Reid* v. *New Haven,* 133 Conn. 446, 447, 52 A.2d 140; *Belchak* v. *New York, N.H. & H.R. Co.,* 119 Conn. 630, 632, 179 A. 95.

It is unnecessary to discuss the defendant's remaining claims of error.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.