[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The issue presented in the defendants motion to strike is whether a plaintiff may maintain a private cause of action against her employer for an alleged violation of Connecticut General Statutes § 31-49.
 FACTS
On June 19, 1997, the plaintiff, Tammie Swaney, filed a sixteen-count amended complaint against Pfizer, Inc., Willard Starr, and First Security Services Corporation (hereinafter "First Security") arising out of incidents which allegedly occurred while she was employed by First Security. The plaintiff seeks damages for the alleged unwanted sexual advances made by Starr, an employee of Pfizer, who directly supervised the plaintiff while she was on Pfizer's premises in the course of her employment with First Security. This court, Martin, J., denied First Security's motion for summary judgment on April 13, 1998, on the ground that the plaintiffs claims against First Security for mental and emotional distress were not barred by the exclusivity provision of the Workers' Compensation Act. SeeSwaney v. Pfizer, Superior Court, judicial district of CT Page 3831 New London, Docket No. 541984 (April 13, 1998, Martin, J.).
The plaintiff filed a second amended complaint on June 11, 1998, which is the operative complaint for purposes of this decision. The relevant counts as to First Security are the eleventh (negligence), twelfth (negligent supervision) and thirteenth (violation of General Statutes § 31-49). In the thirteenth count, the plaintiff alleges that First Security's failure to provide a reasonably safe work environment amounts to a violation of General Statutes § 31-49.[1] On August 11, 1998, First Security filed a motion to strike the thirteenth count on the ground that there is no private right of action under § 31-49. The plaintiff filed her memorandum of opposition on September 2, 1998. The court heard oral argument at short calendar on January 11, 1999.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted. . . . [W]e must take as true the facts alleged in the plaintiffs complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269,270-71, 709 A.2d 558 (1998).
The defendant, First Security, argues that the thirteenth count is legally insufficient because there is no private right of action under § 31-49. In opposition, the plaintiff argues that the Supreme Court, in Parsons v. United Technologies Corp.,243 Conn. 66, 700 A.2d 655 (1997), recognized a cause of action for an employers alleged violation of § 31-49. The plaintiff also asserts that Brunelle v. Reuters Analytics, Inc, Superior Court, judicial district of Hartford, Docket No. 566808 (January 29, 1998, Rittenband, J.) (21 Conn. L. Rptr. 365), implicitly recognized such a cause of action.
Because the plaintiff in the present case does not assert a cause of action for wrongful discharge, her reliance on Parsonsv. United Technologies Corp., supra, is misplaced. In Parsons the plaintiff was terminated from his employment for refusing to be transferred to the Middle East during the onset of the Gulf War, and subsequently, brought an action for wrongful discharge against his former employer. The central element of his wrongful CT Page 3832 discharge claim was whether his termination violated some recognized public policy. See Parsons v. United TechnologiesCorp., supra, at 76, citing Sheets v. Teddy's Frosted Foods.Inc., 179 Conn. 471, 480, 427 A.2d 385 (1980). "In his complaint, the plaintiff sought to establish, by reference to several state statutes concerning workplace safety, that Connecticut has a general public policy requiring each employer to provide its employees with a reasonably safe workplace. The main statutes upon which the plaintiff relied are General Statutes §§ 31-49 and31-370." Id., 77. In searching for a recognized public policy relevant to the plaintiffs claim, the court held that "[b]oth §§ 31-49 and 31-370 reflect a broad legislative concern for the physical welfare and safety of Connecticut employees." Id., 80. "Consequently, we are persuaded that the mandate of public policy that these statutes [§§ 31-49 and 31-370] embody gives a Connecticut employee a cause of action for wrongful discharge
against an employer transacting business in Connecticut if the employee is discharged for refusing to work under conditions that pose a substantial. risk of death, disease or serious physical harm. . . ." (Emphasis added.) Id.
This court does not agree with the plaintiffs reading ofParsons. The Parsons court neither explicitly nor implicitly recognized a cause of action because of an employers alleged violation of § 31-49. Rather, the court held that § 31-49
expresses a strong public policy for Connecticut employers to provide reasonably safe work environments, which, in turn, bolsters a plaintiffs claim for wrongful discharge. This court declines to extend the holding in Parsons so as to recognize a plaintiffs private right of action because of an employers alleged violation of § 31-49.
Similarly, the plaintiffs reliance on Brunelle v. ReutersAnalytics. Inc., supra, is misplaced. The plaintiff in Brunelle,
like the plaintiff in Parsons brought an action against his former employer for wrongful discharge. The plaintiffs first count in his complaint asserted a violation of § 31-49. The plaintiff apparently claimed that his termination resulted from emotional distress inflicted by unfit coworkers, which violated the public policy set forth in § 31-49. The courts inquiry was limited to whether § 31-49 not only protects employees from physical dangers but also from emotional distress. The court ultimately held that § 31-49 does safeguard against emotional injuries. See Brunelle v. Reuters Analytics. Inc., supra, at 366. Accordingly, this case neither explicitly nor implicitly supports CT Page 3833 the plaintiffs cause of action.
There is no appellate authority directly addressing whether a plaintiff may allege a violation of § 31-49 as an independent cause of action. In reconciling the coexistence of § 31-49
and the Workers' Compensation Act, however, the Supreme Court has stated: "Prior to the enactment in 1913 of our first workers compensation act, this duty [of employers under § 31-49] . . . seemed to provide the catalyst for legal actions instituted to establish employer liability for on-the-job injuries sustained by employees. . . . [W]orkers' compensation established almost a complete substitute for the common law of torts, as it affected the liability of industrial employers to their employees." (Citations omitted; internal quotation marks omitted.) Perille v. Raybestos-Manhattan-Europe. Inc.196 Conn. 529, 539-40, 494 A.2d 555 (1985). "In speaking to § 31-49, we recognize, however, that we cannot assume that a legislative enactment is devoid of purpose. . . . Section 31-49 still enjoys vitality where appropriate. See, e. g., Balla v. Lonergan,143 Conn. 197, 120 A.2d 705 (1956); see also General Statutes §31-50. The Workers' Compensation Act and § 31-49 thus coexist in our statutory law, each to apply where appropriate." (Citations omitted; internal quotation marks omitted) Id., 542-43.
The Perille court, therefore, in exemplifying those instances where § 31-49 "still enjoys vitality," referred to one of its prior cases, Balla v. Lonergan, 143 Conn. 197,120 A.2d 705 (1956), and also to General Statutes § 31-50. See Perille v. Raybestos-Manhattan-Europe. Inc., supra, at 543. In Balla v. Lonergan, supra, the plaintiff brought a common-law negligence action against her employer for injuries she sustained during the course of her employment. After a jury returned a verdict for the defendants, the plaintiff assigned as error the trial judges charge which included assumption of risk. Affirming the trial court, the Supreme Court held: "It is clear, however, that a master and servant relationship existed between the parties. . . . It was incumbent on the court to make reference to such a relationship and the law governing it. Section 7367 [now § 31-49] of the General Statutes expressly provides that a master is under a legal obligation "to exercise reasonable care to provide for his servant a reasonably safe place in which to work." Balla v. Lonergan, 143 Conn. 197, 199, 120 A.2d 705
(1956). In Balla v. Lonergan, therefore, § 31-49 was not CT Page 3834 employed as a statutory cause of action, but rather, it was used to provide standards by which the jury were to evaluate the plaintiffs claim.
The Perille court's second example where the applicability of § 31-49 remains intact is General Statutes § 31-50. SeePerille v. Raybestos-Manhattan-Europe. Inc., supra, at 543. Section 31-50 provides: "The [Labor] commissioner shall enforce the provisions of part 1 of this chapter and sections 31-23 to31-49, inclusive, by giving proper orders or notices to the persons or corporations owning, operating or managing the factories or buildings inspected by him and shall make complaint to the states attorneys of any violation of said provisions." (Emphasis added.) General Statutes § 31-50. Thus, "§31-49 is expressly included among those employment regulation statutes that the labor commissioner has a statutory duty to enforce [pursuant to § 31-50]." PeriIle v. Raybestos-Manhattan-Europe.Inc. supra, at 545 (Shea, J., concurring).
In Wright v. Turner Seymour Mfg. Co., Superior Court, judicial district of Litchfield, Docket No. 054079 (June 25, 1991, Pickett, J.), the court applied § 31-50 to a plaintiffs asserted cause of action based on violations of § 31-21
(legal days work) and § 31-12 (hours of labor of minor, elderly and handicapped persons in manufacturing or mechanical establishments), which are both "provisions of part 1 of this chapter [557]" within the meaning of § 31-50. The court held that "alleged violations of . . . sections 31-21 and 31-12 do not give rise to a private cause of action as violations of those statutes are within the sole jurisdiction of the Labor Commissioner pursuant to section 31-50." Wright v. Turner Seymour Mfg. Co., supra, Superior Court, Docket No. 054079. The courts holding follows the statutory language of § 31-50
because §§ 31-21 and 31-12 are "provisions of part 1 of this chapter." See General Statutes § 31-50 ("The [Labor] commissioner shall enforce provisions of part 1 of this chapter. . ."). Following the Wright courts reasoning and holding, therefore, it logically follows that a violation of § 31-49 similarly does not give rise to a private cause of action. This is because § 31-50 expressly applies to "provisions of part 1 of this chapter [e.g., § 31-21 and31-12] and sections 31-23 to 31-49 inclusive. . ." (Emphasis added.) General Statutes 31-50.
Accordingly, following the Supreme Court's guidance in CT Page 3835Perille as to instances where § 31-49 "still enjoys vitality," this court is unable to find authority for the recognition of a § 31-49 private right of action.[2]
 CONCLUSION
There is no recognized private right of action because of an employers alleged violation of § 31-49. In Parsons v. UnitedTechnologies Corp., supra, at 66, the Supreme Court held only that an employee could maintain an action for wrongful discharge
based primarily on the public policy standards enunciated in General Statutes § 31-49. Furthermore, the Supreme Court's guidance in Perille v. Raybestos Manhattan-Europe. Inc., supra, at 529, and the holding in Wright v. Turner Seymour Mfg. Co.
supra, Superior Court, Docket No. 054079, suggests that General Statutes § 31-50 limits enforcement of § 31-49 violations solely to the Labor Commissioner.
The court, therefore, grants the defendants motion to strike the thirteenth count of the plaintiffs second amended complaint
Mihalakos, J.