FRANK McINERNEY *v.* THE NEW ENGLAND TRANS-
PORTATION COMPANY.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued January 3—decided February 21, 1945.

*Edwin H. Hall,* with whom was *James W. Grady,*
for the appellant (defendant).

*Michael V. Blansfield,* with whom was *Harry M.
Albert,* for the appellee (plaintiff).

DICKENSON, J.   The single assignment of error is in
the denial of the motion to set aside the verdict upon
the ground that the plaintiff was guilty of contribu-
tory negligence as a matter of law.

The jury could have found the following facts: On

January 13, 1943, at about 7 o'clock in the morning, the plaintiff was walking in a southerly direction on the west side of Meadow Street in Waterbury on his way to work. He came to a marked crosswalk approximately eighty-six feet long that crossed the private entranceway to a railroad station, looked to his left, saw no traffic coming from that direction, and started to cross within the crosswalk bounds. After he had reached a point halfway across he looked to his right for traffic coming from that direction. The defendant's bus entered Meadow Street from the east a short distance south of the private way, turned right on Meadow and left into the private way, and came into collision with the plaintiff when he was within six to ten feet from the southwest corner of Meadow Street and the private way. The plaintiff did not see the bus, nor did the bus operator see the plaintiff before the bus struck him.

It was dark, although street lights were lit, and it was snowing. The plaintiff was familiar with the crossing and had never seen traffic take the course this bus did. The picture presented to the jury was that the plaintiff, after he had passed the center of the crosswalk, did not expect that traffic from his left would enter that part of the way and did not look for it; and, looking for traffic coming from his right, he did not see the defendant's bus, which cut the corner and struck him.

That the entrance was a private right of way was not disputed. The defendant's contention is that, it being such, there was no requirement, as in the case of public street intersections, that the bus operator keep to the right of the center of the intersection with Meadow Street in turning to his left, into the private entrance, and that the plaintiff was not justified in assuming that he would. This is a non sequitur. The

jury were bound to consider the conduct of the plaintiff from the viewpoint of the reasonably prudent person and might well have found that to such a person the private way would have appeared to have been part of the city highway system subject to the rules of the road relating to public ways, and therefore that the plaintiff was not negligent in directing his attention to his right at the time. Whether the plaintiff was negligent depended upon whether he exercised reasonable care under all of the circumstances of the case. *Skovronski* v. *Genovese,* 124 Conn. 482, 483, 200 Atl. 575.

The jury might have found that the defendant's bus did not come straight up Meadow Street to the private way, but that it crossed Meadow from Grand Street in a flat "S" curve at a speed of twenty miles an hour, and that when it entered Meadow Street from Grand the plaintiff had traversed half the distance of the crosswalk, and had gone over three-quarters of the way when the bus struck him. This was not the factual situation presented in *Hizam* v. *Blackman,* 103 Conn. 547, 131 Atl. 415, *Budaj* v. *Connecticut Co.,* 108 Conn. 474, 143 Atl. 527, and the other cases relied on by the defendant. In *Rosen* v. *Goldstein,* 128 Conn. 605, 607, 24 Atl. (2d) 840, we referred to the doctrine established by earlier cases that, where a pedestrian crossing or about to cross the street looks in both directions to see if automobiles are approaching and sees none or sees one approaching at a distance, the question is whether a reasonably prudent man in such a situation would reasonably believe that he could cross in safety. That is ordinarily a question of fact. It may, however, be one of law if the jury cannot reasonably conclude otherwise than that the plaintiff was negligent. In this case, as in that, the jury reasonably

could have found that the plaintiff was not guilty of contributory negligence.

There is no error.

In this opinion the other judges concurred.