EVERETT C. CRAMER *v.* CLARENCE BARLOW [MARGARET BARLOW, EXECUTRIX, SUBSTITUTED DEFENDANT] ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued October 3—decided November 20, 1951

*Samuel Steinberg,* with whom was *Walter F. Foley,* for the appellant (plaintiff).

*John B. Lee,* for the appellee (defendant Intercoastal Trucking Corporation).

*Valentine J. Sacco,* with whom was *Harold W. Garrity,* for the appellee (defendant Barlow, Executrix).

*J. Ronald Regnier,* with whom was *William R. Moller,* for the appellee (defendant Lingner).

Brown, C. J. In this action for personal injuries sustained by the plaintiff in a motor vehicle collision, three parties were named defendants. The plaintiff was riding in a Buick sedan owned by the defendant Barlow and driven by the defendant Lingner. As the sedan proceeded northerly along the New London Turnpike in Glastonbury about 8:30 p. m. on October 20, 1947, it came in contact with the side of the defendant trucking corporation's trailer truck, which was proceeding in the opposite direction. This resulted in the injuries complained of. The court rendered judgment for the defendants and the plaintiff has appealed.

In addition to the above facts, which are not disputed, the further material facts found by the court which are not subject to correction may be thus summarized: The defendant Barlow had loaned his Buick car to the defendant Lingner, who was operating it under circumstances which gave rise to no agency relationship. The plaintiff was not chargeable with contributory negligence. The accident occurred where the highway sloped from south to north, on a straight, hard-surfaced black-top section of road some twenty feet wide with a shoulder on either side. The defendant company's truck consisted of a tractor and trailer unit with an over-all length of about forty-one feet. The tractor, somewhat narrower than the eight-foot-wide trailer, was equipped with two headlights having high and low beam control and with cab lights on top of the driver's cab. There were clearance lights on the four corners of the trailer. All of these lights were lighted at the time in question. Just prior to the accident, the truck, which was loaded with eleven tons of lumber and operated by the company's agent, was proceeding along the turnpike up the hill at a speed of five miles per hour. It was on its own right-hand half of the road, and at the time of collision its left side was

west of the middle line of the highway. Its headlights were on low beam. Meanwhile the Buick, driven northerly down the hill by Lingner, approached at a speed of from thirty-five to forty miles an hour, sideswiped the easterly side of the trailer and collided with its left rear spring and wheel. Only the left front corner and left side of the Buick came into contact with the trailer, first striking it at a point seven feet from its front end.

Since Lingner was not Barlow's agent, Barlow could not be found liable within the allegations of the complaint. The plaintiff's only claims of negligence on the part of the defendant trucking company were that its driver violated § 2438 of the General Statutes by driving the truck with its lights on high beam and failing to dim them for the oncoming Buick and that he violated § 2489 by driving the truck to the left of the middle line of the highway and failing to give the approaching Buick half of the traveled portion of the road. The most that can be said in support of these claims is that the evidence upon each of these issues was conflicting. Therefore the court's finding and conclusion thereon cannot be disturbed. The only question left for determination is whether the court erred in refusing to render judgment for the plaintiff against the defendant Lingner.

The plaintiff predicates his argument in this connection primarily upon his claim of law that, "when there is a collision between two vehicles traveling in opposite directions on the same road, the Court must find that one or the other, or both, are negligent as a matter of law." Obviously this does not hold true, as is manifest in the case of an unavoidable accident. Nor can the plaintiff's argument prevail to the effect that since the court found that the truck was on its own half of the road, the Buick, for the accident to

have occurred, must have been on its wrong side of the road, and therefore "to find that neither operator was at fault was a legal impossibility as was the absence of negligence on the part of either operator a factual impossibility." In the first place, the finding as to the plaintiff's claims of law establishes that at the trial his claims of negligence by Lingner were limited to two only, first, that he failed "to reduce his speed or stop his car, after he was blinded by the headlights" of the truck, and second, that he failed "to keep his car at all times under proper control."

But this aside, the court expressly found, as the evidence fully warranted, that the plaintiff testified that Lingner was not negligent in any of the respects alleged in the complaint, and concluded that "the plaintiff in his own testimony at the trial expressly exonerated the defendant Lingner from any act of negligence alleged in the complaint." As appears from the court's memorandum of decision, this exoneration of Lingner by the plaintiff was accompanied by testimony by the plaintiff "directed at fixing responsibility for the collision upon the truck driver." The burden of proof as to Lingner's negligence was on the plaintiff. While the finding establishes that the left side of the car driven by Lingner must have swung across the middle line of the road in contacting the trailer, we cannot say that as a matter of law this constituted negligence upon his part, in the light of facts appearing in this record, including the fact that Lingner was confronted by the lights of the truck.

The plaintiff complains of the denial of his motion for leave to amend the complaint. The amendment offered was to the effect that the defendant Barlow had leased the Buick to Lingner under such circumstances that by the terms of § 2479 of the General Statutes Barlow became responsible for Lingner's negli-

gence. Inasmuch as the trial court concluded correctly that Lingner was not negligent, the disallowance of the amendment did not affect the result and need not be considered.

There is no error.

In this opinion the other judges concurred.