LORETTA G. COTE, ADMINISTRATRIX (ESTATE OF WILLIAM G. COTE) *v.* GEORGE BOUDREAU ET AL.

SUPERIOR COURT    NEW HAVEN COUNTY    FILE NO. 81986

Memorandum filed January 12, 1956.

*Schatz & Schatz,* of Hartford, for the named plaintiff.

*Pelgrift, Dodd, Blumenfeld & Nair,* of Hartford, for the plaintiffs Maryland Casualty Company and Detroit Steel Corporation.

*Wiggin & Dana,* of New Haven, for the defendants.

THIM, J. This negligence action was instituted June 14, 1955, to recover damages for the death of William G. Cote, and the claimed negligent acts occurred on June 14, 1954.

On the date of the occurrence Mr. Cote was employed by the Detroit Steel Corporation within the scope of the Workmen's Compensation Act, and the Detroit Steel Corporation was insured against liability under the act by the Maryland Casualty Company. The death of Mr. Cote arose out of and in the course of his employment. According to the pleadings, a finding and award was made to the plaintiff under the provisions of the act, and the finding obligated the Maryland Casualty Company and the Detroit Steel Corporation to pay an award to the plaintiff.

On July 12, 1955, the Maryland Casualty Company and the Detroit Steel Corporation filed in this court an application for permission to intervene as coplaintiffs and in their complaint seek reimbursement for the amounts they have paid and became obligated to pay the widow of Mr. Cote under the Workmen's Compensation Act. In answering the intervening complaint, the plaintiff administratrix of the estate of Mr. Cote set forth a special defense that the right of action of the coplaintiffs did not accrue within one year next before the commencement of their intervening action. Plaintiffs the Maryland Casualty Company and the Detroit Steel Corporation filed the pending motion to expunge the answer

and special defense on the grounds that they are impertinent, irrelevant and immaterial. The defendants have not pleaded the Statute of Limitations against the intervening plaintiffs.

The intervening plaintiffs have entered this case pursuant to the Workmen's Compensation Act. The substantial effect of the act in general and § 2284c of the 1953 Cumulative Supplement to the General Statutes in particular is that it is a part of every employer's agreement with his employee that he shall not be doubly compensated for any injuries which he may sustain out of and in the course of his employment. He agrees in effect that if he is injured by reason of a tort of a third party and recovers a judgment against the tort-feasor, it shall be considered that the tort-feasor is the one primarily liable. It is agreed between the employer and his employee in effect that if the injured employee recovers judgment against the third party for a sum in excess of what the employer has paid and is by award bound to pay by way of compensation, then the employer's liability to pay any further compensation ceases and he is entitled to be reimbursed out of the amount of the judgment for the compensation paid by him up to the date of the judgment. The right of reimbursement given to the employer as part of his agreement with his employee is a substantive right. *Rosenbaum* v. *Hartford News Co.*, 92 Conn. 398.

Section 2284c creates a right in an employer to join in an action brought by his employee and he must exercise the right within thirty days after he receives notification from the employee that an action has been instituted against a tort-feasor.

Section 8324 of the General Statutes requires the action to be brought against the defendants within one year from the date of the negligent act com-

plained of, and this requirement was met by the plaintiff administratrix. This section does not require the employer to intervene within one year as a coplaintiff. Section 2284c gives the intervening plaintiffs the right to join as parties to this action and the right is not lost because the intervening action takes place after the expiration of one year from the date of the accident. The intervening plaintiffs did comply with § 2284c. The interpretation urged by the estate of Mr. Cote will not only deprive an employer or employee of a thirty-day period within which to intervene but it can lead to a result where the employee could collect twice for the same injuries. This result was not intended by any of the provisions of the Workmen's Compensation Act, and it is quite clear that reimbursement is the object sought under § 2284c.

The allegations in the special defense are irrelevant and immaterial. They are ordered expunged from the answer.