ROWLAND PRODUCTS, INC. *v.* SANITARY WASTE DISPOSAL COMPANY, INC.

COURT OF COMMON PLEAS    HARTFORD COUNTY    FILE No. 82701

Memorandum filed December 5, 1961

*George A. Downing,* of Manchester, for the named plaintiff.

*Andrew P. Denuzze,* of New Britain, for plaintiff Joseph N. Manduke.

*Day, Berry & Howard,* of Hartford, for the defendant.

LUGG, J. On or about 10 October 1960, one Manduke, an employee of the plaintiff, was injured by a device furnished to the latter by the defendant. The plaintiff, as a result thereof, paid sums under the Workmen's Compensation Act to Manduke for which it seeks recovery in this action. On 8 Novem-

ber 1961, Manduke filed this motion to be made a party plaintiff herein, to which the defendant objects on the ground that the one-year Statute of Limitations, General Statutes § 52-584, bars the addition.

Under § 31-156, as applied here, Manduke would clearly have the right to intervene, subject to that statute's provisions that the employer shall give notice of the bringing of the action forthwith and the employee may join as party plaintiff within thirty days thereafter, failing which his right of action shall abate. The issues consequently raised are: (1) What is the effect here of the necessity of the plaintiff's giving notice of the action to Manduke forthwith? (2) Does the general Statute of Limitations, § 52-584, limit § 31-156? They have not been decided in this state. The necessity of the notice is basic in that it begins the period of thirty days beyond which the employee's right of action abates. Was this meant to shorten the one-year Statute of Limitations if one party began his action within that time?

The compensation act was adopted, for the purposes of this opinion, in substantially its present form in 1913; Public Acts 1913, c. 138; at which time the general Statute of Limitations as it affects this action was already on the books. Rev. 1902, § 1119. It is presumed that when the General Assembly adopts a statute it does so in view of all existing enactments; *Wilson* v. *West Haven,* 142 Conn. 646, 654 (1955); and that it intends to enact a law in view thereof, meaning it to be read with them so as to make one consistent body of law. *Knoll* v. *Kelley,* 142 Conn. 592, 595 (1955); *Hartley* v. *Vitiello,* 113 Conn. 74, 82 (1931). " 'When there are two conflicting sections of a general compilation or code of statute laws, that section should prevail which is derived from a source that can be con-

sidered as the last expression of the law making power in enacting separate statutes upon the same subject.' " *Tuohey* v. *Martinjak,* 119 Conn. 500, 507 (1935), cited in *Moran* v. *Bens,* 144 Conn. 27, 30 (1956).

Where an insurer authorized to bring action has instituted an action prior to the expiration of the period of limitation, the propriety of the filing by an injured employee, who is not a necessary party to the action, of a complaint in intervention, which presents no new issue, after the expiration of such period has been recognized. *State Compensation Ins. Fund* v. *Allen,* 104 Cal. App. 400 (1930); *Iowa National Mutual Ins. Co.* v. *Chicago, B. & Q.R. Co.,* 246 Iowa 971 (1955); 101 C.J.S. 552.

In Cote v. *Boudreau,* 20 Conn. Sup. 28 (1956), an action was initiated by the employee's administratrix against the tort-feasor exactly one year after the claimed negligent acts. Within thirty days thereafter, but more than one year after the occurrence, the employer and its insurer filed an application for permission to intervene as coplaintiffs, seeking reimbursement for the amounts payable by them under the compensation act. The plaintiff set up against this the general Statute of Limitations, which defense was expunged. The court held that the intervening plaintiff had complied with the compensation act and that § 52-584 (then Rev. 1949, § 8324) did not require the employer to intervene within one year. This decision is so close as to be almost dispositive of the issues here. It is to be noted, however, that it does not appear when, if at all, the notice was given. Also, the decision depends heavily upon the argument that to allow the employee to succeed in his attempted defense would permit him to recover twice for his injuries. Obviously, this latter argument cannot be adapted to the instant case, since the employer can only recover

here from the tort-feasor for what he has or will be obligated to pay the employee under the compensation act.

The tortious acts complained of here apparently transpired on or about 10 October 1960. Section 52-584 would therefore run on or about 10 October 1961. The present action was commenced 9 October 1961, and this motion to be joined was filed on 8 November 1961. Hence, whether or not notice was given, the motion is filed within thirty days after the beginning of the action. It does not appear whether or not notice was given here, but even if it were assumed to be given on the date of the commencement of the action, the motion to join is seasonably filed in pursuance of the statute. Hence, the issue whether or not the plaintiff actually gave notice to the employee is academic as to this defendant tort-feasor in this case.

We hold that upon the facts here, where the action is seasonably brought so far as the general Statute of Limitations is concerned, the legislature did not intend that it (§ 52-584) qualify the right of the employee, under § 31-156, to join as a plaintiff within thirty days thereafter.

The motion of Manduke to be added as a party plaintiff is granted.