DAVID L. ROBINSON ET AL. *v.* WILLIAM FAULKNER, JR., ET AL.

HOUSE, C. J., RYAN, SHAPIRO, LOISELLE and MACDONALD, Js.

Argued May 3—decided July 12, 1972

*Mitchel W. Garber,* for the appellant (plaintiff).

*Kevin T. Gormley,* for the appellees (defendants).

LOISELLE, J.   The plaintiff brought this action to recover damages for personal injuries alleged to have been caused by the negligence of the defendants.  The defendants denied the allegations of negligence and pleaded contributory negligence on the part of the plaintiff.   The jury returned a verdict for the defendants and the plaintiff has appealed.

Claims of error in the court's refusal to charge as requested, in charging as it did, and in its rulings on evidence are determined by the finding.   Practice Book § 635; *Busko* v. *DeFilippo,* 162 Conn. 462, 464, 294 A.2d 510; *Moonan* v. *Clark Wellpoint Corporation,* 159 Conn. 178, 180, 268 A.2d 384.   Relevant to the assignments of error attacking the charge to the jury are the claims of proof.

The plaintiff's claims of proof are as follows: David Robinson, hereinafter called the plaintiff, and William Faulkner, Jr., hereinafter referred to as the defendant, were employees of Pratt and Whitney Aircraft Company at its plant on Washington Avenue, North Haven, Connecticut.   The plaintiff completed his night shift each day at 7 a.m.; the defendant's day shift commenced at 7 a.m.   Pratt and Whitney Aircraft Company has on its property in North Haven roads and parking facilities.   The roads at the plant are marked with center lines and crosswalks.   Guards control pedestrian and vehicular traffic.   On March 22, 1965, at about 7:05 a.m., the plaintiff and others, after completing their shift, left a building of their employer and proceeded to a sidewalk fronting the building.   While the plaintiff was standing on the curb of Lycoming Lane in a

crowd that was pushing out into the crosswalk, the defendant was operating a vehicle north on Lycoming Lane approaching this area. The plaintiff was jostled and moved off the sidewalk into the marked crosswalk, where the vehicle operated by the defendant struck him with great force, inflicting the injuries alleged. At the time of the incident, the defendant was operating his vehicle either at or in excess of the posted speed limit of ten miles per hour. The defendant did not sound his horn, turn his vehicle away from the crowd or apply his brakes. The defendant operated his vehicle no more than three feet from the curb of the sidewalk for at least fifty feet before he struck the plaintiff and he failed to observe the hand signal of the guard to stop. The defendant, although rarely late for work, was late on this morning.

On the other hand, the defendant claims to have proved that as he was proceeding north on the private road of his employer there were at least two vehicles preceding him. The defendant observed a guard about 300 feet ahead who had stopped pedestrian traffic on the curb and sidewalk and was motioning northbound traffic to continue moving. The defendant reduced the speed of his vehicle to approximately ten miles per hour as he approached the guard. The defendant had to pass between the guard and the curb on which the pedestrians were standing. As the defendant was moving through this area, at about three feet from the curb, an unknown person pushed or jostled the plaintiff off the curb. The plaintiff was struck by the defendant's vehicle. The defendant applied his brakes immediately and stopped a short distance from the point of impact.

The plaintiff assigns error in the court's refusal

to charge as requested concerning the right-of-way of a pedestrian at or near a crosswalk and in directing in effect that there was no right-of-way in a pedestrian. Section 14-300 of the General Statutes gives the right-of-way to pedestrians at crosswalks on highways. An examination of § 14-300 and its predecessors indicates that the legislature intended the regulation to apply to public highways. The statutory definition of "crosswalks," § 14-297 of the General Statutes, refers to "that portion of a highway." While § 14-297 does not define highway, the general definitions applicable to title 14 establish that a highway is any "road, street, . . . driveway . . . or place, under the control of the state or any political subdivision thereof." § 14-1 (16). The offer of proof is devoid of any circumstances which could give a statutory right-of-way to a pedestrian under § 14-300 which alone affords such a right. *Flynn* v. *Raccuia,* 146 Conn. 210, 214, 148 A.2d 763.

The plaintiff asserts that the standard or duty of care owed to a pedestrian at a crosswalk is the same on a public and a private way. At common law, in the absence of statute or municipal regulations, motor vehicles and pedestrians have equal rights on the highway. *Caschetto* v. *Silliman & Godfrey Co.,* 126 Conn. 22, 24, 9 A.2d 286; *Peterson* v. *Meehan,* 116 Conn. 150, 154, 163 A. 757. As previously noted, the statutes applicable to crosswalks apply only on public roads. Lycoming Lane is a private road under the control of Pratt and Whitney Aircraft Company and therefore not a highway under the statutory definition. It has long been established that the essential feature of a highway is that it is a road or way open to the use of the public. *Stavola* v. *Palmer,* 136 Conn. 670, 683, 684, 73 A.2d 831; *Wamphassuc Point Property Owners Assn.* v. *Public Utilities*

*Commission,* 154 Conn. 674, 680, 228 A.2d 513. The distinction between private and public roads is essential and cannot be overlooked here, because no evidence was presented to indicate that Lycoming Lane could be confused with a public road. See *McInerney* v. *New England Transportation Co.,* 131 Conn. 633, 634, 41 A.2d 764. The court was not in error in its charge that the allegations of negligence relating to the pedestrian's right-of-way or to a higher degree of care owed to him were not applicable in this fact situation.

The next assignment of error relates to the court's supplemental charge regarding unavoidable accident. Instructions concerning unavoidable accident should usually be given only when the record can support a finding that the negligence of neither party is involved. When a foundation has been established for the charge, it is within the sound discretion of the trial judge to determine whether a charge should be given on the subject of unavoidable accident. *Cramer* v. *Barlow,* 138 Conn. 352, 355, 84 A.2d 795; see *Seney* v. *Trowbridge,* 127 Conn. 284, 16 A.2d 573; note, 65 A.L.R.2d 12. The trial judge's decision depends on the peculiar circumstances of each case, as no rule of thumb can be relied on as a guide for all situations. In any event, it would not be error to refuse a charge on unavoidable accident if there were adequate instruction on negligence, proximate cause and burden of proof. *Hedberg* v. *Cooley,* 115 Conn. 352, 355, 161 A. 665. The court could have determined that the accident happened in a split second, and that there was evidence that a third party could have been the sole cause of the accident. Under these permissible facts the court was not in error in charging as it did. *Cramer* v. *Barlow,* supra.

The plaintiff claims that the supplemental charge was prejudicial in that it highlighted and emphasized the possibility of unavoidable accident. The test applied to any part of a charge is whether the charge considered as a whole fairly presents the case to the jury so that no injustice will result. *Enlund* v. *Buske,* 160 Conn. 327, 331, 278 A.2d 815; *Danehy* v. *Metz,* 140 Conn. 376, 379, 100 A.2d 843. The supplemental charge taken with the original charge would not have confused or misled the jury. Although this instruction might have been better given in the body of the main charge, we find nothing in the record to indicate prejudice in the submission by the court of the subject immediately following the taking of exceptions by both counsel.

The plaintiff attacks eleven rulings on evidence including rulings which disallowed irrelevant questions and questions improperly framed. We have examined each of the eleven rulings. No precise and universal test of relevancy is furnished by the law, and questions must be determined in each case according to the teachings of reason and judicial experience. *Branford Sewer Authority* v. *Williams,* 159 Conn. 421, 425, 270 A.2d 546; *State* v. *Towles,* 155 Conn. 516, 523, 235 A.2d 639; *National Broadcasting Co.* v. *Rose,* 153 Conn. 219, 227, 215 A.2d 123. "A trial court has wide discretion in its rulings on the relevancy of evidence." *State* v. *Bassett,* 151 Conn. 547, 551, 200 A.2d 473; *State* v. *Keating,* 151 Conn. 592, 597, 200 A.2d 724, cert. denied, sub nom. *Joseph* v. *Connecticut,* 379 U.S. 963, 85 S. Ct. 654, 13 L. Ed. 2d 557. Nothing in the record indicates that this discretion was abused.

The plaintiff also assigns as error the refusal of the trial court to allow questions which required the witness to state an opinion or conclusion. The gen-

eral rule remains that witnesses must state facts and not their individual opinions. *Johnson* v. *Newell,* 160 Conn. 269, 277, 278 A.2d 776; *Sydleman* v. *Beckwith,* 43 Conn. 9. There are exceptions to this rule and it has been recognized that a witness may offer his opinion or impression of conditions and circumstances when these are so numerous or complicated that they could not otherwise reasonably be described to the jury. *State* v. *McGinnis,* 158 Conn. 124, 131, 256 A.2d 241; *MacLaren* v. *Bishop,* 113 Conn. 312, 314, 155 A. 210. In light of the availability of facts which could have been clearly described to the jury, it was within the discretion of the trial court properly to exclude opinions and conclusions of the witness. *Atwood* v. *Atwood,* 84 Conn. 169, 174, 79 A. 59.

The remaining rulings on evidence to be considered involve the plaintiff's assertion that his counsel should have been allowed to cross-examine the defendant concerning the contents of a document marked for identification but not an exhibit in evidence. Briefly, the issue arose when the plaintiff's counsel, cross-examining the defendant, asked the defendant several questions about a statement given by the defendant to a guard. The document was marked as exhibit J for identification. Subsequently the defendant testified he had given a report to the guard. Since he did not recall the contents of the statement, the defendant refreshed his memory by referring to the document which he identified as his statement. Thereafter the following occurred: "Mr. Garber: If your Honor please, it has been marked and I'm using it for the purpose of attacking his credibility and I believe I have the right to ask him now since his recollection has been refreshed, what did you tell the guard. Mr. Gormley: He is

examining from something that is marked only for identification. Mr. Garber: Perfectly proper."

The plaintiff focuses his argument on the narrow issue involved in these rulings. In his brief the plaintiff appeals from the court's refusal to allow him to contradict the defendant and attack his credibility on cross-examination "by reference to and inquiry about what he had said in a written statement."

A cross-examination as to the contents of a document not yet in evidence should not be permitted. *Johnson* v. *Charles William Palomba Co.*, 114 Conn. 108, 115, 157 A. 902. Furthermore, cross-examination as to the contents of a document and questions at least relating to, if not actually involving, the contents of the document should not be permitted unless the writing is in evidence. *Shulman* v. *Shulman*, 150 Conn. 651, 662, 193 A.2d 525. This rule is an established doctrine that has found acceptance in other jurisdictions. *McKenna* v. *United States*, 232 F.2d 431 (8th Cir.); *State* v. *Hale*, 371 S.W.2d 249 (Mo.); 98 C.J.S., Witnesses, § 391 n.47; 58 Am. Jur., Witnesses, § 643; 4 Jones, Evidence (5th Ed.) § 935. The rule has a sound foundation. Production of the inconsistent statement as an exhibit places before the jury the issue of the defendant's credibility and eliminates the possibility that the jury might be misled as to its contents by counsel's questions concerning whether certain statements are contained in the document. Admission of the document in evidence also saves valuable court time which would be lost in attempting to ascertain the contents of the statement through extended interrogation of the witness.

In the exercise of its discretion as to the scope of cross-examination to show contradictory statements;

*State* v. *Keating,* supra; the trial court must determine whether the questions, asked of a party witness, attempt to place before the jury the contents of the document not in evidence or merely seek to uncover oral admissions which may have been made. The finding does not demonstrate that this discretion was abused here by the court's ruling. The court was not apprised by either counsel that any ground of admissibility was being relied on other than the claimed right to attack the credibility of the defendant by questions concerning the contents of the document not in evidence. There was no error in sustaining the objection to this line of questioning. *Casalo* v. *Claro,* 147 Conn. 625, 630, 165 A.2d 153.

After a conference in chambers the court ruled that a prospective juror could not be asked whether he or she had any "interest or participation or connection with casualty companies or experience, and the same for negotiation of settlements and the same for negotiation of claims." This ruling also applied to members of the family or close friends of the prospective juror.

Practice Book § 240 determines the conduct of the voir dire. The trial court has wide discretion in conducting the examination of jurors. *Childs* v. *Blesso,* 158 Conn. 389, 394, 260 A.2d 582; *State* v. *Higgs,* 143 Conn. 138, 142, 120 A.2d 152. Unless this discretion has been clearly abused or harmful prejudice appears to have been caused thereby, the court's supervision of the voir dire will be upheld. *Childs* v. *Blesso,* supra; *Sherman* v. *William M. Ryan & Sons, Inc.,* 126 Conn. 574, 578, 13 A.2d 134. When the occasion has arisen, we have followed the policy that inquiry on insurance interest and its extent is within the sound discretion of the trial court. *Lowell* v. *Daly,* 148 Conn. 266, 268, 169 A.2d 888; *Girard* v.

*Grosvenordale Co.,* 82 Conn. 271, 279, 73 A. 747. In both the *Lowell* and *Girard* cases the questions were allowed because they were addressed to financial and pecuniary interests of the juror in the insurance company and in the result of the pending action. The trial court must be satisfied that the interrogation is directed at discovering more than simply an incidental contact with the company, its adjusters or agents. In this area, the court must strike a balance between the plaintiff's interest in having an impartial panel to hear the case and the defendant's need to keep insurance from distracting the jury.

From the colloquy between the trial judge and counsel on the record it is evident that to preclude possible prejudice to either side the court took the position that questions could be asked concerning a juror's interest if it appeared that the juror or his spouse was employed by an insurance company. The plaintiff offered no information at the trial to inform the court that a more extensive interrogation of the venireman was appropriate and has made no showing that prejudice resulted from the trial court's decision. The court was faced with an issue involving an exercise of its discretion and under the circumstances of the case it was not abused. *Walczak* v. *Daniel,* 148 Conn. 592, 597, 172 A.2d 915.

Just prior to argument, counsel for the plaintiff requested the court to allow the filing of a substitute complaint which incorporated an amendment to two paragraphs of the complaint which had been filed a few days previously. The defendants' counsel objected, asserting it would necessitate a delay to prepare repleading of answers and special defenses and the reply. The court refused to allow the substitute complaint and ruled instead that the original

complaint and the amendment thereto be sent to the jury. The plaintiff claims this ruling was prejudicial error.

A substitute complaint differs from an amendment in that a substitute complaint entirely supersedes the original complaint. *Wesley* v. *DeFonce Contracting Corporation,* 153 Conn. 400, 404, 216 A.2d 811. In both cases, however, permission to file these changes in the original complaint rests within the discretion of the trial court. Refusal to permit the filing of an amendment is a serious decision since it may deny the mover his day in court on the subject matter of the proposed amendment. The decision to accept or reject a substitute complaint which does not include new matters does not deny the mover an opportunity to place his case before the jury. There is no right to file a substitute complaint after an amendment late in the trial and the decision to accept the substitute complaint is appropriately left to the trial court. "In determining whether there has been an abuse of discretion, much depends upon the circumstances of each case. Factors that should be considered include unreasonable delay, fairness to the opposing parties and the negligence of the party offering the amendment." *DuBose* v. *Carabetta,* 161 Conn. 254, 263, 287 A.2d 357; *Corcoran* v. *Jacovino,* 161 Conn. 462, 471, 290 A.2d 225; *Antonofsky* v. *Goldberg,* 144 Conn. 594, 136 A.2d 338. It was thus within the sound discretion of the trial court to determine whether the substitution would be allowed. *Wright* v. *Coe & Anderson, Inc.,* 156 Conn. 145, 155, 239 A.2d 493; Maltbie, Conn. App. Proc. § 63. There was no error in the exercise of this discretion.

The plaintiff assigns as error the court's decision to restrict participation by Pratt and Whitney Air-

craft Company, the intervening plaintiff in the trial, to the voir dire. Although it was allowed to supply witnesses and make suggestions for the questioning of witnesses, the company was not permitted to call or examine witnesses. The intervening plaintiff did not appeal from these restrictions. It is not the province of this court to decide questions presented in a vacuum disconnected from the granting of actual relief; *Newton* v. *Barnett,* 146 Conn. 344, 346, 150 A.2d 821; *Waterbury Trust Co.* v. *Porter,* 130 Conn. 494, 498, 35 A.2d 837; consequently, no useful purpose would be served by a consideration of that portion of the plaintiff's assignment of error which is directed to the rights of Pratt and Whitney Aircraft Company as intervening plaintiff. *Jensen* v. *Nationwide Mutual Ins. Co.,* 150 Conn. 56, 58, 185 A.2d 77.

The plaintiff asserts that he was entitled to the benefit of cooperation and help from the intervening plaintiff in the trial of this case. This claimed error is not included in the finding but is within a "correction of draft finding" filed subsequent to the filing of the finding. We discuss the issue since it was briefed by the parties and argued extensively in oral presentation. The provisions of § 31-293 of the Workmen's Compensation Act grant to employers the right to join as party plaintiff in actions by employees against third-party tort-feasors. The employer had the right to take part in the trial so far as the issues involved the questions of legal liability of the third party to the plaintiff employee and the extent of any damages. *Reid* v. *New Haven,* 133 Conn. 446, 449, 52 A.2d 140; *Mickel* v. *New England Coal & Coke Co.,* 132 Conn. 671, 680, 47 A.2d 187. The right which the employer is given by statute is his; it is a right vested in the employer ex-

clusively; it is not the right of the employee. *Olszewski* v. *State Employees' Retirement Commission,* 144 Conn. 322, 325, 130 A.2d 801; *Stavola* v. *Palmer,* 136 Conn. 670, 678, 73 A.2d 831. The employee has no right to expect or compel participation by the employer. The plaintiff employee cannot claim that the benefit of having a coplaintiff comes to him by right nor can he claim that he was prejudiced by being denied the opportunity to share in the fruits of a coplaintiff's labors at the trial. The record shows that the claim for assistance and cooperation was not raised at the trial by the plaintiff who was at all times represented by competent counsel.

The plaintiff in his brief assigns as error rulings on evidence in which the court refused to admit photographs of the accident site or to allow questions concerning these photographs. These rulings were not presented in the draft finding or finding and were not assigned as error by the plaintiff. This court is not bound to consider any error on appeal not specifically assigned. Practice Book § 652; *McCoy* v. *Raucci,* 156 Conn. 115, 121, 239 A.2d 689; *Charlton Press, Inc.* v. *Sullivan,* 153 Conn. 103, 113, 214 A.2d 354.

There remains the assignment of error that the court erred in not setting aside the verdict because the verdict was contrary to law and not supported by the evidence. We have found no error in law and the claim that a verdict for the defendants was not supported by the evidence is without merit.

There is no error.

In this opinion the other judges concurred.