[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #180
The plaintiff, Samuel Packtor, commenced this action on August 10, 1990, against the defendants, Seppala AHO Construction Co., JMH Associates, Andrew Dragat and Henry Schadler. The plaintiff's cause of action stems from injuries that allegedly occurred on or about September 3, 1987. The plaintiff's writ, summons and complaint was served on the defendants on July 30, 1990. On January 7, 1991, the plaintiff filed a substituted complaint. On August 27, 1990, Stop Shop Companies filed a motion to intervene in the plaintiff's action pursuant to Connecticut General Statutes 31-293(a). Thereafter, on September 10, 1990, the court permitted Stop Shop Companies to file a intervening complaint, which it did on October 9, 1990.
In its intervening complaint, Stop Shop Companies alleges that the plaintiff's injuries arose out of and in the course of his employment as an employee of Stop Shop Companies. The intervening plaintiff now seeks reimbursement of worker's CT Page 131 compensation payments it made and will become obligated to pay in accordance with Connecticut General Statutes 31-293(a). On February 14, 1991, JMH Associates filed an answer and special defenses to the intervening complaint. The intervening plaintiff filed a reply to JMH Associates' special defenses on March 5, 1991.
On December 2, 1991, the defendant JMH Associates filed a motion for summary judgment as to the third and fourth counts of the plaintiff's complaint. By memorandum of decision dated April 20, 1992, the court (The Honorable Joseph H. Pellegrino) found that the two year limitations period of Connecticut General Statutes 52-584 barred the plaintiff's negligence claim in the third count, and further, the plaintiff was not within the class of persons protected by Connecticut General Statutes 29-389 and29-391. The court accordingly granted the defendant's motion for summary judgment. See Packtor v. Seppala AHO Construction Co. Docket No. 30 34 45. (April 23, 1992, Pellegrino, J.).
On May 29, 1992, JMH Associates filed a motion for an memorandum of law in support of summary judgment as to the intervening complaint. On June 19, 1992, the intervening plaintiff filed a motion and memorandum of law in opposition to the motion for summary judgment. On July 17, 1992, the plaintiff Stop Shop Companies provided the court with a Supplemental Memorandum of Law and the defendant JMH Associates filed a response memorandum on August 17, 1992. The pleadings are closed between the intervening plaintiff and JMH Associates, and therefore, a motion for summary judgment is proper at this time.
"Practice Book 384 provides that summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as matter of law.' Zichichi v. Middlesex Memorial Hospital,204 Conn. 399, 402, 528 A.2d 903 (1980); a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. Practice Book 380, 381; Burns v. Hartford Hospital, [192 Conn. 451, 455,472 A.2d 1257 (1984)]. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Town Bank Trust Co. v. Benson, 176 Conn. 304, 309, 407 A.2d 971 (1978).' Strada v. Connecticut Newspapers, Inc., 103 Conn. 313, 317, 477 A.2d 1005
CT Page 132 (1984). `The test is whether a party would be entitled to a directed verdict on the same facts.' Batick v. Seymour,186 Conn. 632, 647, 443 A.2d 471 (1982)." Connel v. Colwell,214 Conn. 242, 246-247, 571 A.2d 116 (1990).
The defendant JMH Associates argues that Connecticut General Statutes 31-293 is the exclusive remedy by which an employer may assert rights against JMH Associates, a third party, and an employer's rights are derivative of the employee's. Therefore, JMH Associates argues that since the court granted its motion for summary judgment as to the plaintiff employee for failure to file within the statute of limitations set forth under Connecticut General Statutes 52-584, the court should now grant summary judgment as to the intervening employer.
Connecticut General Statutes 31-293(a) provides for intervention by an employer in any tort action filed by the employee, stating: "If either such employee or such employer bring . . . [a tort] action against . . . [a] third person, he shall forthwith notify the other . . . of such fact . . . and such other may join as a party plaintiff in such action within thirty days after such notification." (emphasis added). The employer's right to reimbursement from the tortfeasor pursuant to31-293(a) is derivative of the employee's right "to the extent that he has no cause of action unless the employee . . . has a cause of action, and he cannot recover any more than the employee himself . . . could recover." Stavola v. Palmer, 136 Conn. 670,678, 73 A.2d 831 (1950).
Thus, although 31-293(a) vests the employer with an independent right of action against the third parties in cases where the employee fails to sue potential tortfeasors; see Robinson v. Faulkner, 163 Conn. 365, 377, 306 A.2d 857 (1972); General Statutes 31-293(a); the employer's right to reimbursement does not arise until the legal liability of the third party to the employee has been determined. United Fidelity Guaranty Co. v. New York N.H. H.R. Co., 101 Conn. 200,204-05, 125 A. 875 (1924).
Where, as here, the employer intervenes in an action filed by the employee, the employer's rights as intervenor are governed by the same legal principals which control the plaintiff-employee's cause of action. See Stavola v. Palmer, supra, 678 which discusses the derivative nature of the employer's rights under Connecticut General Statutes 31-293(a); CT Page 133 C.J.S., Workmen's Compensation 2024, 551 (1991) (the statute of limitations governing an employer's right of action against the tortfeasor "is the same as that which would be applicable if the action were brought by the injured employee," unless the statute expressly differentiates between the limitation periods that will apply in each instance).
The intervening plaintiff cites Durniak v. August Winter Sons, Inc., 222 Conn. 775, 781-82 (1992), for the proposition that the statute of limitations set forth under Connecticut General Statutes 52-584 does not apply to tort actions filed pursuant to the worker's compensation act. The plaintiff's reliance on Durniak is misplaced. In Durniak, supra, the court held that the comparative negligence statute, Connecticut General Statutes 52-572h, does not apply to actions filed pursuant to the worker's compensation statute. Id., 782. The court reasoned that since "the comparative negligence statute applies only to `causes of action based on negligence,' . . . its terms do not govern statutory causes of action that have no common law counterpart." Id. Thus, "[b]ecause an employer's right to obtain reimbursement from a third party tortfeasor is a statutory claim that is derived in its entirety from 31-293(a) . . . the employer's claim does not fall within the compass of 52-572h." Id.
None of the language in Durniak, supra, addresses the issue raised in this case: namely, what statute of limitations governs claims filed under the worker's compensation act. Rather, the Durniak decision merely affirms the principle that a statutory cause of action is limited by the terms of the statute that creates it, and where the legislature has not evidenced an intent to apply legal principles arising under independent statutory sections, the court will not imply the applicability of such principles. See id., 78-81. It is the province of the legislature to define the rights and duties of parties pursuant to statutory compensation schemes.
In Connecticut, tort actions filed pursuant to Connecticut General Statutes 31-293(a), regardless of whether they are filed by the employee or his employer, are governed by the statute of limitations applicable to negligence actions, as set forth in Connecticut General Statutes 52-584. See Gurliacci v. Mayer,218 Conn. 531, 546, 590 A.2d 914 (1991); Rowland Prods., Inc. v. Sanitary Waste Disposal Co., 23 Conn. Sup. 106, 108, 177 A.2d 469
(1961); Cote v. Boudreau, 20 Conn. Sup. 28, 30-31, 120 A.2d 82
CT Page 134 (1956).
An intervening employer's right to reimbursement under Connecticut General Statutes 31-293(a) depends upon the legal liability of the third party to the employee. In Stavola v. Palmer, supra, 678, the employee's cause of action abated for failure to file within the limitations period, and the intervening employer's right of action similarly abated. Since Judge Pellegrino has previously ruled that the plaintiff's claim is barred by the statute of limitations set forth under Connecticut General Statutes 52-584, see Packtor v. Seppala v. AHO Construction Co., Docket No. 30 34 45, (April 23, 1992, Pellegrino, J.), the intervening employer's derivative right to reimbursement is likewise barred.
For the foregoing reasons the defendant's motion for summary judgment is granted against the intervenor, Stop Shop Companies.
Maiocco, J.