[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The plaintiff, Paul H. Taylor, filed a complaint, dated June 5, 1992, against the defendant, Coyne Textile Services, Inc., (hereinafter Coyne), for injuries sustained on June 13, 1990, during the course of the plaintiff's employment. The plaintiff alleges that his slip and fall on an oily substance was caused by the negligence of the defendant, acting through its employees, and claims money damages for injuries sustained to his back and surrounding areas.
On December 8, 1992, the court, Hurley, J., granted Coyne's motion to implead Commercial Printers of Connecticut, CT Page 4079 Inc., (hereinafter Commercial), as a third-party defendant. On February 4, 1993, Coyne filed a third-party complaint against Commercial seeking indemnification and alleging that any personal injuries sustained by the plaintiff were caused by the negligence of Commercial. Coyne alleges that Commercial had exclusive control of the area in connection with the plaintiff's alleged slip and fall.
On January 6, 1993, Coyne filed an answer to the plaintiff's complaint and a special defense stating that any injuries sustained by the plaintiff were caused by the plaintiff's own negligence. On January 7, 1993, the plaintiff filed a reply to Coyne's special defense, denying the allegations.
On February 16, 1993, the court, Hurley, J., granted Commercial's motion to intervene as a co-plaintiff in accordance with the Connecticut Workers' Compensation Act, (hereinafter Act). On January 26, 1993, Commercial filed an intervening complaint, alleging that the plaintiff's slip and fall was caused by the negligence of Coyne's employee and that Commercial may be obligated to pay money damages to the plaintiff as prescribed by the Act. Commercial claims that any recoverable damages be apportioned between Commercial and Coyne; Commercial additionally claims reimbursement for any future obligations paid by Commercial as maybe required under the Act.
On March 22, 1993, Commercial filed an answer to Coyne's third-party complaint and a special defense stating that no independent legal relationship existed between Coyne and Commercial on June 13, 1990 to render Commercial liable to Coyne for indemnification or any other means of contribution in accordance with the Act. On March 24, 1993, Coyne filed a reply to Commercial's special defense, denying the allegation.
On November 12, 1993, Coyne filed an answer to Commercial's intervening complaint and a special defense stating that Commercial's cause of action against Coyne is barred by the two-year statute of limitations period prescribed by General Statutes 52-584.
On December 1, 1993, Coyne filed this motion for summary judgment, accompanied by a supporting memorandum of law, against the intervening complaint on the ground that CT Page 4080 Commercial's cause of action against Coyne is barred by the two-year statute of limitations period prescribed by General Statutes 52-584.
On January 20, 1994, Commercial filed a reply to Coyne's special defense, denying the allegation. On January 20, 1994, Commercial filed a memorandum of law in opposition to Coyne's motion for summary judgment.
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Citations omitted.) Wilson v. New Haven, 213 Conn. 277,279, 567 A.2d 829 (1989). "Summary judgment may be granted where it is clear that a claim is barred by a statute of limitations." Woodside Green Condominium Association v. Woodside Green, Inc., 9 Conn. L. Rptr. 637 (October 4, 1993, Lewis, J.), citing Mac's Car City, Inc. v. American National Bank, 205 Conn. 255, 259-60, 532 A.2d 1302 (1987).
"The standard of review of a trial court's decision to grant a motion for summary judgment is well established." (Citations omitted.) Wadia Enterprises, Inc. v. Hirschfeld,224 Conn. 240, 246, 618 A.2d 506 (1992). "Practice Book 384 provides that summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" (Citations omitted.) Johnson v. Meehan, 225 Conn. 528,534-35, 626 A.2d 244 (1993). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Citations omitted.) Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 781, 595 A.2d 334 (1991).
The "party seeking summary judgment has the burden of showing the nonexistence of any material fact. . . ." (Citation omitted.) Connecticut Bank Trust Co. v. Carriage Lane Associates, supra, 781. "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Citation omitted.) State v. Goggin, 208 Conn. 606,616, 546 A.2d 250 (1988). CT Page 4081
"[A] party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Citations omitted.) Connell v. Colwell, 214 Conn. 242, 246, 571 A.2d 116 (1990). It is "incumbent upon the party opposing summary judgment to establish a factual predicate from which it can be determined, as a matter of law, that a genuine issue of material fact exists." (Citation omitted.) Wadia Enterprises, Inc. v. Hirschfeld, supra, 247.
The plaintiff alleges that he sustained personal injuries "during the course of work." Compensation for injuries sustained arising out of and in the course of employment is exclusively provided by the Act. Vorvis v. Southern New England Tel. Co., 821 F. Sup. 851, 855 (D. Conn. 1993). "[A]n employer who has become obligated to pay compensation under the Workers' Compensation Act . . . may join an action brought by the employee, against a third party to recover from an award of damages `any amount that he has . . . become obligated to pay as [workers'] compensation to such injured employee.'" Gurliacci v. Mayer, 218 Conn. 531, 567-68,590 A.2d 914 (1991), quoting General Statutes 31-293(a).[1] A stated purpose of the Workers' Compensation Act is to prevent "double recovery by an injured employee." Durniak v. August Winter Sons, Inc., 222 Conn. 775, 779-80, 610 A.2d 1277
(1992), citing Enguist v. General Datacom, 218 Conn. 19, 26,587 A.2d 1029 (1991).
A cause of action under General Statutes 31-293 is "an independent derivative action." Packtor v. Seppala AHO Construction Co., 33 Conn. App. 422, 430, ___ A.2d ___ (1994), citing Ricand v. Standadyne, Inc., 181 Conn. 321, 323,435 A.2d 352 (1980). Because "an intervening employer's statutory right to reimbursement depends on the liability of the third party to the employee, the statute of limitations applicable to the employer's right of action must be the same as that governing the employee's underlying action against the tortfeasor." (Citations omitted.) Packtor v. Seppala AHO Construction Co., supra, 430. Accordingly, the plaintiff's cause of action is limited by the two year limitations period prescribed by General Statutes 52-584. See Id., 432.
General Statutes 52-584 provides in part: "No action to recover damages for injury to the person . . . caused by CT Page 4082 negligence . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered. . . ." The plaintiff's personal injuries were allegedly sustained on June 13, 1990; consequently, an action to recover damages for such injuries must be brought on or before June 13, 1992.
Coyne argues that because Commercial's motion to intervene was filed after June 13, 1992, Commercial's action is barred by General Statutes 52-584. See Town of Stratford v. Williams, 10 Conn. L. Rptr. 146, 148 (October 1, 1993, Fuller, J.). In opposition, Commercial argues that because the motion to intervene was properly filed in accordance with General Statutes 31-293(a), its cause of action against Coyne is timely.
General Statutes 31-293(a) "protects an employer by allowing the employer to obtain reimbursement for workers' compensation benefits from a third party tortfeasor, either by becoming an intervening plaintiff in the employee's cause of action or by bringing a separate action derivative of the employee's cause of action." (Citation omitted.) Durniak v. August Winter Sons, Inc., supra, 779.
 If either such employee or such employer brings such action against such third person, he shall forthwith notify the other, in writing, by personal presentation or by registered or certified mail, of such fact and of the name of the court to which the writ is returnable, and such other may join as a party plaintiff in such action within thirty days after such notification, and, if such other fails to join as a party plaintiff, his right of action against such third person shall abate.
General Statutes 31-293(a).
The procedure set forth in 31-293 is an employer's sole procedure against an employee's third party recovery; Skitromo v. Meriden Yellow Cab. Co., 204 Conn. 485, 489, 528 A.2d 826
(1987); and the failure to file a timely motion to intervene prevents any right that the party moving to intervene "may have had in the [employee's] third party recovery." (Citations omitted.) Id. CT Page 4083
Commercial submits a supporting correspondence sent by the plaintiff, dated January 11, 1993, sent certified mail #P747 493 472, in which the plaintiff advised Commercial of his claim against Coyne. On January 26, 1993, Commercial filed its motion to intervene, within thirty days of receiving the January 11, 1993 correspondence. Commercial's motion to intervene, therefore, is in compliance with the procedure set forth in General Statutes 31-293(a).
"If an employee sues a third party, the employer is "entitled to notice and an opportunity to join in the action." Packtor v. Seppala AHO Construction Co., supra, 430, citing Enguist v. General Datacom, supra, 23. "[W]here the action is seasonably brought so far as the general Statute of Limitations is concerned, the legislature did not intend that it (52-584) qualify the right of the employe[r], under 31-293(a)], to join as a plaintiff within thirty days thereafter." Rowland Products, Inc. v. Sanitary Waste Disposal Co., 23 Conn. Sup. 106, 108, 177 A.2d 469 (C.P. 1961); see Cote v. Boudreau, 20 Conn. Sup. 28, 120 A.2d 82 (Super.Ct. 1956); but see Town of Stratford v. Williams, supra, 148 (summary judgment granted against the intervening complainant when General Statutes 31-293(a) is brought into play because a party must comply with 31-293(a) and 52-584).
To hold otherwise would encourage employees to notify their employers of a third party action, as prescribed by General Statutes 31-293(a), immediately prior to the running of the underlying statute of limitations in order to thwart their employer's ability to seek reimbursement for payments made under the Act. Employees would then be able to recover benefits under the Act in addition to damages from negligence actions. Such double compensation would contravene the purpose of the Workers' Compensation Act. See Durniak v. August Winter Sons, Inc., supra. Because Commercial's motion to intervene was timely filed under General Statutes31-293(a), Commercial's cause of action against Coyne is not barred by General Statutes 52-584.
Therefore, Coyne is not entitled to judgment as a matter of law. Accordingly Coyne's motion to summary judgment against Commercial's intervening complaint is denied.
Leuba, J. CT Page 4084