[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT]
The plaintiff instituted the present action to recover damages for personal injuries sustained as a result of an automobile accident involving a motor vehicle operated by the defendant during the course of his employment as a police officer with the City of Derby. The automobile accident occurred on August 13, 1990 and the complaint was served by the plaintiff in July of 1992. In October of 1993, the intervening plaintiff, the City of Derby, filed a motion to intervene to recover damages paid on behalf of its employee under the Worker's Compensation Act. Defendant has now moved for a Summary Judgment with respect to its Special Defense and asserts that the Motion of the Intervening plaintiff was not brought within two years from the date when the injury was sustained and therefore the claim is barred by the provisions of the Statute of Limitations contained in General Statutes § 52-584.
General Statutes § 31-293 provides that either an employee or an employer who has paid or become obligated to pay workers' compensation may bring an action to recover damages against a third party. The statute further provides that the party who brings the action shall immediately notify the other who may then join as a party plaintiff within 30 days after such notification. Upon failure to join as a party plaintiff the right of action against the third person shall abate. Under our statutes, the employer's right to recover is derivative and not independent and in no event can the employer's recovery exceed the amount to which the employee was entitled. [Mickel v. New England Coal Coke Co.,]132 Conn. 671, 678 (1946).
The competing rights of a defendant and an intervening employer is guided by four overlapping principles established by General Statute § 31-293(a), to wit: "First, the statute protects an injured employee by allowing the employee to sue a third party tortfeasor in a private cause of action for damages, such as pain and suffering, that are uncompensated by a workers' compensation award. . . . Second, the statute protects an employer by allowing the employer to obtain reimbursement for workers' compensation benefits from a third party tortfeasor, either by becoming an intervening plaintiff in the employee's cause of action or by bringing a separate action derivative of the employee's cause of action. . . . Third, the employer's statutory right to subrogation of the proceeds of the employee's claim against the tortfeasor CT Page 4961 implements the public policy of preventing double recovery by an injured employee. . . . Fourth, the employer's statutory right to reimbursement reinforces the public policy that, between the employer and employee, Worker's Compensation provides the exclusive remedy for personal injury to the employee." (citations omitted.) [Durniak v. August Winter Sons, Inc.] 222 Conn. 775,779-780 (1992). (defendant cannot assert negligence of employer as a special defense to intervening complaint which is based solely on the statutory rights accorded to the employer under General Statutes § 31-293(a)). In reaching its decision the court in [Durniak,] supra, noted (at p. 782) that the decision of the court did not create a conflict between the workers' compensation statutes and the comparative negligence statute as set forth in General Statutes § 52-572h. In so holding the court stated: "By its own terms, the comparative negligence statute applies only to causes of action based on negligence. . . . Accordingly, its terms do not govern statutory causes of action that have no common law counterpart. . . . Because an employer's right to obtain reimbursement from a third party tortfeasor is a statutory claim that is derived entirely from § 31-293(a) . . . the employer's claim does not fall within the compass of § 52-572h." (citations omitted.)
The Statute of Limitation relied upon by the defendant (§ 52-584) applies to actions to recover damages "caused by negligence, or by reckless or wanton misconduct or by malpractice". Thus, applying the logic of [Durniak,] supra, a statutory claim that is derived in its entirety from General Statutes § 31-293 is not encompassed within the provisions of § 52-584. See, [Cote v.Bodreau,] 20 Conn. Sup. 28 (1956) (Thim, J.).
The defendant relies upon [Stratford v. Williams,]8 C.S.C.R. 1176 (November 29, 1993) (Fuller, J.) and [Packtor v. Seppala AHO Construction Co.,] 8 Conn. L. Rptr. No. 5, 169 (February 1, 1993) (Maiocco, J.). In [Williams,] the employer instituted suit within the statutory period and thereafter the injured plaintiff instituted suit after the expiration of the Statute of Limitations. Thus, the claim did not concern a derivative cause of action and did not impact upon the "principles" set forth in [Durniak,] supra. Similarly, in [Packtor,] supra, the injured plaintiff instituted suit after the expiration of the Statute of Limitations and a summary judgment was entered in favor of the defendant. After the injured plaintiff instituted the suit, the plaintiff employer filed an intervening complaint and the court held that where the employee's claim is barred by the Statute of Limitations then the employer's claim is likewise barred. Here again the court was not concerned CT Page 4962 with "principles" hereinbefore set forth and the court was simply holding that a derivative claim is barred when the primary claim is barred which is consistent with the derivative nature of the employer's claim.
Accordingly, the Motion for Summary Judgment is hereby denied.
RUSH, J.